IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of K.C., a person under eighteen years of age. | ) ) ) | PER CURIAM DECISION |
| _____ | ) | Case No. 20120531-CA |
| | ) | |
| D.C., | ) | |
| | ) | F I L E D |
| Appellant, | ) | (September 13, 2012) |
| | ) | |
| v. | ) | 2012 UT App 254 |
| | ) | |
| State of Utah, | ) | |
| | ) | |
| Appellee. | ) | |

-----

Third District Juvenile, Salt Lake Department, 1048525
The Honorable C. Dane Nolan

Attorneys:    Jessica T. Taylor, Salt Lake City, for Appellant
Mark L. Shurtleff and Carol L.C. Verdoia, Salt Lake City, for Appellee
Martha Pierce, Salt Lake City, Guardian ad Litem

-----

Before Judges Orme, Davis, and Christiansen.

¶1      D.C. (Mother) appeals the termination of her parental rights.  Mother asserts that there was insufficient evidence to support the grounds for terminating her parental rights as well as the juvenile court's determination that it was in the best interest of the child to terminate Mother's parental rights.  We affirm.

¶2      "[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights] 'the result must be against the clear weight of the evidence or leave the

appellate court with a firm and definite conviction that a mistake has been made.'" *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *Id.* (citations omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3     The juvenile court found that there was sufficient evidence to support several statutory grounds justifying the terminations of Mother's parental rights. The record supports the juvenile court's determination that Mother was unfit. When a caseworker from the Division of Child and Family Services first went to Mother's home, she found the conditions to be "deplorable." The home was covered in trash, there were feces on the walls, and Mother could not adequately care for her children due to an alleged illness. Thereafter, Mother admitted that she was aware that K.C. had been sexually abused by Mother's boyfriend, but Mother failed to inform authorities of the abuse. She also failed to make any substantive efforts to protect K.C. from the abuse or to obtain counseling for K.C. Furthermore, Mother was in need of significant individual counseling and parenting classes to address Mother's own mental health issues, as well as the issues that led to the removal of K.C. and her two younger brothers in the first place. This is significant because Mother's psychological assessment indicated that she lacked insight into her deficiencies as a parent. Furthermore, because of various characteristics identified in the psychological testing, her long term prognosis for change was "guarded." Mother failed to attend regular individual counseling sessions. As a result, the juvenile court found that Mother had failed to demonstrate that she had gained the skills to properly parent K.C. Accordingly, there was sufficient evidence to support the juvenile court's determination that Mother was an unfit parent.[1]

_____

[1]Pursuant to Utah Code section 78A-6-507, the finding of any single ground for termination is sufficient to warrant termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1) (2008) (providing that the court may terminate all parental rights if it

(continued...)

¶4    Similarly, Mother fails to demonstrate that the juvenile court erred in finding that the State provided sufficient services to Mother. A caseworker was assigned to Mother to coordinate the delivery of services and to oversee Mother's progress. The caseworker provided assistance in obtaining Mother's psychological assessment and provided Mother with a referral to Workforce Services, which eventually led to Mother's employment. The caseworker did not make referrals for housing and individual counseling because Mother indicated that she would arrange for those services herself through the Veterans Administration. Mother fails to demonstrate what additional services should have been offered to her. Based upon these circumstances, Mother fails to demonstrate that the juvenile court's finding that the State provided sufficient services was clearly erroneous.

¶5    Finally, Mother argues that there was insufficient evidence to support the juvenile court's determination that it was in the best interest of K.C. to terminate Mother's parental rights. The evidence demonstrated that Mother was unable or unwilling to protect K.C. from abuse. The evidence also demonstrated, that due in part to Mother's failure to pursue individual counseling and parenting classes, Mother was not in a position to parent K.C. Specifically, the juvenile court found that she "has failed to demonstrate she has gained the skills necessary to properly parent [K.C.]." There is nothing in the record that would indicate that this finding was clearly erroneous. Furthermore, Mother made limited efforts to maintain a mother-child bond with K.C. after K.C. moved to Texas with her father, and Mother failed to make any support payments to assist in K.C.'s care. While Mother expressed a desire to make such payments and to increase her contact with K.C., evidence indicated that Mother was not making support payments for her other children that were no longer in her care.

¶6    On the other hand, K.C.'s father (Father) and his wife are providing K.C. with a loving and stable home. Father and his wife provide for K.C.'s physical, economic, and emotional needs. Furthermore, Father's wife has developed a parent-child bond with

---

[1](...continued)
finds any one of the grounds listed); *In re F.C.*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights). Accordingly, there is no reason to review the other grounds relied upon by the juvenile court to support the termination of Mother's parental rights.

K.C., and K.C. views her as a mother figure. K.C.'s stepmother wishes to adopt her. Both Father and his wife have large extended families in Texas and K.C. has bonded with those families. Based upon the totality of facts, we cannot say that the juvenile court erred in finding that it was in K.C.'s best interest to terminate Mother's parental rights.

¶7     Accordingly, because evidence in the record supports the juvenile court's decision to terminate Mother's parental rights and because the decision is not against the clear weight of the evidence, the juvenile court's determination is affirmed. *See In re B.R.*, 2007 UT 82, ¶ 12.

_____
Gregory K. Orme, Judge

_____
James Z. Davis, Judge

_____
Michele M. Christiansen, Judge